Case 4:05-cv-00565-A   Document 21   Filed 02/07/06   Page 1 of 3   PageID 170

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 7 2006

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GREGORY R. RASMUSSEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-565-A |
| DOUGLAS DRETKE, DIRECTOR, TEXAS | § | (Consolidated with 4:05-CV-566-A) |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Gregory R. Rasmussen is petitioner and Douglas Dretke, Director, Texas Department of Criminal Justice, Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On January 23, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by February 13, 2006. On February 3, 2006, petitioner filed two sets of written objections, presumably because he did not understand that his two petitions were ordered consolidated into the above-styled and numbered action on October 24, 2005. Nevertheless, the court has considered both sets of objections submitted by petitioner.[1] Respondent has not made any further response.

---

[1] For brevity, the court is not making distinctions between the two sets of objections and will simply refer to them collectively as "objections".

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

After throughly reviewing the objections filed by petitioner, the court concludes that they fail to make any specific objection to the magistrate judge's findings, conclusions and recommendation. Indeed, the objections do make obscure references to petitioner having his "double jeopardy rights" violated, and proffers various unsubstantiated theories of how petitioner's trial counsel was ineffective;[2] however, the objections fail to attack, in the exacting manner the law requires, the findings of fact, legal reasoning, or ultimate recommendation posited by the magistrate judge. Where, as here, a petitioner falls short of meeting that burden, the court will accept the magistrate judge's recommendation.

---

[2] The following example is illustrative: "My attorney Mr J. Don Carter coerced, bullyed [sic.] and threatened me repeatedly, saying if I did not except [sic.] a plea bargain I would recieve [sic.] the maximum sentence blound [sic.] by law." Pet'r Objections at 1, docket at No. 20.

2

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED February 7, 2006.

_____
JOHN McBRYDE
United States District Judge

3